**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jujuan Andre Habersham, Appellant.

Appellate Case No. 2014-002706

———————————

Appeal From Beaufort County
D. Craig Brown, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-103
Submitted January 1, 2017 – Filed March 8, 2017

———————————

**AFFIRMED**

———————————

James Arthur Brown, Jr., of Law Offices of Jim Brown, P.A., of Beaufort, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————————

**PER CURIAM:** Jujuan Andre Habersham appeals his convictions of possession of a firearm by a person convicted of a crime of violence, possession of a weapon during a violent crime, armed robbery, and attempted armed robbery. On appeal,

Habersham argues the trial court erred by failing to dismiss the charges because the State suppressed and failed to preserve evidence of a lineup, which he contends was exculpatory evidence. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

To the extent Habersham argues the State failed to preserve the lineup and the trial court improperly applied *Arizona v. Youngblood*,[2] we find the argument unpreserved for appellate review because Habersham did not raise the argument to the trial court.[3] *See State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."). As to his argument that the State suppressed the lineup, we find the trial court properly denied the motion to dismiss because it found the State disclosed the lineup in time for Habersham to effectively use it at trial. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (providing the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] 488 U.S. 51 (1998).

[3] Even if this issue were preserved, we find this argument to be without merit. To establish a due process violation based on the State's failure to preserve evidence, a defendant must demonstrate "the State destroyed the evidence in bad faith or . . . the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means." *State v. Cheeseboro*, 346 S.C. 526, 538-39, 552 S.E.2d 300, 307 (2001). At most, Habersham established the police negligently failed to preserve the lineup, which is insufficient to establish bad faith. *See State v. Reaves*, 414 S.C. 118, 127-28, 777 S.E.2d 213, 218 (2015) (rejecting defendant's argument bad faith could be established when "the police's actions in failing to preserve evidence were so egregious as to constitute misconduct," and noting even if it accepted the argument, the record contained no indication the "flaws [in investigation] were the product of more than mere negligence"); *Cheeseboro* at 539, 552 S.E.2d at 307 (finding the defendant failed to demonstrate the State destroyed evidence in bad faith because although "there [was] evidence of lack of care, there [was] no evidence of an intentional destruction of relevant evidence"). Further, Habersham could have obtained evidence of comparable value by cross-examining the victims and the investigator about the lineup. *See State v. Hutton*, 358 S.C. 622, 632, 595 S.E.2d 876, 882 (Ct. App. 2004) (finding the defendant could obtain other evidence of comparable value by other means because the trial court allowed thorough cross-examination of the witness about the destroyed evidence).

suppression of evidence favorable to the accused "violates due process where the evidence is material to either the guilt or to punishment"); *State v. Kennerly*, 331 S.C. 442, 453, 503 S.E.2d 214, 220 (Ct. App. 1998) (noting evidence is not material under *Brady* if disclosed in time for its effective use at trial); *State v. Geer*, 391 S.C. 179, 192, 705 S.E.2d 441, 448 (Ct. App. 2010) (finding no due process violation when the State's late disclosure of the evidence did not impair the accused's ability to present a defense).

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**